## Jo ROBINSON

*v.*

## JOHN TATE *et al.*

SALE UNDER DECREE—*upon what evidence set aside, when made sixteen years after decree.* A decree of foreclosure was rendered in 1857, and three payments were made thereon, which were not disputed, and no sale was made until 1873, when a sale was made, and, on a report thereof by the master, the defendant moved to set aside the sale, on the ground that the decree had been paid. Upon a reference to the master, the defendant testified that the amount of the decree had been paid in full, and produced an account of goods which he had furnished complainant, and which were to be applied, as he said, on the decree, and which, if correct, paid the decree in full; he also proved a conversation between himself and complainant, in which it was understood that if the defendant, in the payments he was making, should overpay the amount of the decree, the complainant, upon a settlement, should refund. The defendant did not testify that he had not received the goods named in defendant's account, but simply that he did not remember anything about the account, and that it was never presented to him: *Held,* that in view of the fact that sixteen years had elapsed between the recording of the decree and the sale, the evidence was sufficient to justify the setting the sale aside on the ground that the decree had been satisfied.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is a writ of error brought by Jo Robinson to reverse a decree of the circuit court of Saline county, wherein a sale of

certain premises was made by the master in chancery under a decree of foreclosure, in a certain cause, wherein Robinson was complainant and John Tate and Sally Tate were defendants.

The decree under which the sale was made was rendered on the 5th day of November, 1857, in which the defendants were required to pay, within a certain time, $219.16, and in default of payment the mortgaged premises were ordered to be sold in satisfaction of said amount and costs. The sale under this decree was made on the 6th day of December, 1873, over sixteen years after the decree was rendered, and the mortgaged premises were purchased by the complainant for $125. On the 11th day of May, 1874, the master filed a report of sale, and asked that it might be approved. The defendant, however, appeared and filed exceptions to the report of sale, and prayed that the sale be set aside—

1st. For the reason the decree was rendered more than seven years prior to the sale.

2d. On the ground that the decree had been paid and satisfied.

It appears, from the record, that prior to the sale a controversy had arisen between the complainant and defendant in regard to the amount that had been paid on the decree, and by agreement of the parties a reference was had to the master to take proof upon the question. The evidence was taken and is incorporated in the record.

This testimony was before the court for consideration on the exceptions to the report of sale, and the only question which we deem it material to consider, although others of a technical character have been raised, is, whether the evidence before the court justified the decree setting aside the sale.

Upon the decree appears two credits, one of $120, December 8, 1868, and another of $101, dated May 31, 1869. The defendant also held a receipt, dated September 3, 1861, for $7.04, to be applied upon the decree.

The defendant, in his evidence, testified that the decree had been fully paid. He also produced an account, consisting of

various items for goods which he had furnished the complainant, which were, as he says, to be applied upon the decree.

One Peter Robinson testified to a conversation between the complainant and defendant, in which, as he says, it was understood that if the defendant, in the payments he was making, should overpay the amount of the decree, in that case, on settlement, the complainant was to refund.

There is no controversy in regard to the two credits indorsed upon the decree, nor in regard to the receipt for $7.04. If, then, the account for goods furnished be correct, and the articles therein contained were to be applied upon the decree, it has been fully paid.

The complainant, in his testimony, does not testify that he never received the goods named in the defendant's account. It is true, he says, that "he don't remember anything about the account, and that he never saw it before, and that it was never presented to him." But this may all be true, and, at the same time, he may have received each and every item charged in the account. If the complainant has forgotten in regard to the account, and if the defendant failed to make out and present the account to him, his evidence may all be true, and, at the same time, the goods may have been furnished by the defendant, as he testified in his evidence.

Again, it seems strange, if the decree had not been paid, that no steps were taken, for over sixteen years, to enforce its payment. The complainant has not attempted to explain or account for this extraordinary delay.

Under such circumstances, the evidence before the court, in our opinion, was sufficient to warrant the conclusion that the decree had been paid. The court, therefore, did right in setting aside the sale, and the decree must be affirmed.

*Decree affirmed.*